IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RAVI H. HALASWAMY | § | |
| | § | NO. 1:05-CV-592 |
| V. | § | NO. 1:05-CV-593 |
| | § | NO. 1:05-CV-594 |
| BLUE BELL CREAMERIES, INC. | § | |
| WELFARE BENEFITS PLAN | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

The above-captioned cases are assigned, respectively to United States District Judges Thad Heartfield and Ron Clark. All three cases are referred to the undersigned for pretrial management, pursuant to General Order 05-07.[1]

The parties and claims in the cases are identical: in each case, plaintiff seeks to impose liability on defendants because of their failure to pay for medical services incurred by an allegedly eligible benefits plan recipient, Gary Williams.

---

[1] General Order 05-07 refers all non-prisoner, pro se civil actions to magistrate judges for pretrial management as authorized by 28 U.S.C. § 636(b)(1). That statute authorizes magistrate judges to hear and determine all non-dispositive matters, and to conduct hearings when necessary, and submit written reports containing proposed findings of fact, conclusions of law, and recommendations for disposition of potentially case-dispositive matters. Id. § 636(b)(1).

Rule 42(a), Federal Rules of Civil Procedure, provides:

> *When actions involving a common question of law or fact are pending before the court . . . [the court] may order all the actions consolidated.*

Moreover, local rules of court establish a procedure for consolidation. Local Rule CV-42(b) provides:

> *When two or more actions are pending before a judge which involve either (1) a common question of law or fact; or (2) the same parties and issues; or (3) different or additional parties and issues all of which arise out of the same transaction or occurrence that judge may order that all or part of the actions be consolidated.*

Local Rule CV-42(c) provides:

> *When actions that may be consolidated under (b) above have been filed in a division wherein the caseload is divided between two or more judges, the actions, upon consolidation, shall be assigned to the judge who was assigned the initial actions or actions. The judge assigned the initial action or actions has the prerogative of declining the transfer and assignment of the additional action or actions.*

Interests of justice and judicial economy dictate that these actions be consolidated. Consequently, the actions pending under cause numbers 1:05cv593 and 1:05cv594, should be consolidated with case number 1:05cv592.

### RECOMMENDATION

The actions styled <u>Halaswamy v. Blue Bell Creameries, Inc. Welfare Benefits Plan</u>, and bearing case numbers 1:05cv593 and 1:05cv594, should be consolidated with the identically-styled case number 1:05cv592.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, <u>Douglass v. United Servs. Auto. Ass'n.</u>, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this 14th day of September, 2005.

_____
Earl S. Hines
United States Magistrate Judge